UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| CARR, IVORY DARYL | ) | CASE NO. 05 B 06828 |
| | ) | |
| Debtor(s) | ) | HON. EUGENE R. WEDOFF |

Social Security/Employer Tax ID Number:    XXX-XX-9688

### NOTICE OF TRUSTEE'S FINAL REPORT, HEARING ON APPLICATIONS FOR COMPENSATION, AND HEARING ON THE ABANDONMENT OF PROPERTY BY THE TRUSTEE

To the Debtor(s), Creditors and other Parties in Interest:

1. NOTICE IS HEREBY GIVEN that the Trustee of the above captioned case has filed a Trustee's Final Report and final applications for compensation. A hearing will be held

    At:    U.S. BANKRUPTCY COURT, 219 S. DEARBORN, COURTROOM 744, CHICAGO, IL

    On: **May 13, 2008**            Time: **10:00 a.m.**

2. The hearing will be held for the purpose of ruling on any objections to the Final Report, ruling on applications for compensation and expenses and any objections to the pending applications and transacting such other business as may be properly noticed before the Court. ATTENDANCE BY THE DEBTOR AND CREDITORS IS WELCOMED BUT NOT REQUIRED.

3. The Trustee's Final Report shows total:

    | | |
    |---|---|
    | Receipts | $283,394.82 |
    | Disbursements | $270,112.87 |
    | Net Cash Available for Distribution | $13,281.95 |

4. Applications for Chapter 7 fees and administrative expenses have been filed as follows:

    | Applicant | Compensation Previously Paid | Fees Now Requested | Expenses |
    |---|---|---|---|
    | Phillip D. Levey<br>Trustee | $0.00 | $9,205.00 | $74.10 |
    | Phillip D. Levey<br>Attorney For Trustee | $0.00 | $10,927.50 | $0.00 |

5. Applications for Chapter 11 and/or 13 administrative expenses have been filed as follows: None

6. In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in full for there to be any dividend to general unsecured creditors. The priority dividend is anticipated to be 0.00%.

Allowed priority claims are:  None

7. Claims of general unsecured creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The general unsecured dividend is anticipated to be 0.00%. *

Allowed general unsecured claims are as follows:  None

8. Proposed dividends are approximations. Actual dividends may differ due to interest accrual, fee reductions, or as ordered by the Court.

9. The Trustee's Final Report and all applications for compensation are available for inspection at the office of the Clerk of the Bankruptcy Court, Dirksen Federal Courthouse, 219 So. Dearborn Street, 7th Floor, Chicago, Illinois 60604, or may be viewed on the Court's web site, *www.ilnb.uscourts.gov*. If no objections are filed, the Court will act on the fee applications(s) and the Trustee may pay dividends pursuant to Federal Rule of Bankruptcy Procedure 3009 without further order of Court.

10. Debtor has not been discharged.

11. The Trustee proposes to abandon the following property at the hearing:

| Name of Property | Scheduled Value |
|---|---|
| 1849 Warren Way, East Point, Georgia | $0.00 |
| Checking Account | $200.00 |
| Household Furnishings | $2,000.00 |
| Wearing Apparel | $1,500.00 |
| Jewelry | $1,000.00 |
| 2001 Chrysler Sebring | $11,500.00 |
| Computer Desk And Chair | $500.00 |

Dated: **April 18, 2008**                                      For the Court,

By:   **KENNETH S. GARDNER**
Kenneth S. Gardner
Clerk of the U.S. Bankruptcy Court
219 S. Dearborn Street; 7th Floor
Chicago, IL 60604

Trustee:      Phillip D. Levey
Address:     2722 North Racine Avenue
             Chicago, IL  60614
Phone No.:   (773) 348-9682

---

* This case is administratively insolvent. The sole asset administered by the Trustee consisted of a residential condominium commonly known as Unit #203, 2201 North Cleveland, Chicago, Illinois. Net sale proceeds funds therefrom were less than anticipated due to debtor's failure to fully disclose unrecorded lien claims against said real estate in combination with higher than anticipated costs to redeem said real estate from prior sales thereof by the Cook County Treasurer to satisfy unpaid back taxes. In addition, debtor repeatedly failed to cooperate with the Trustee in the administration of the estate which resulted in higher than anticipated costs of administration in the form of attorney fees to compel such cooperation. Finally, anticipated receipts in the approximate amount of $8,000.00 from the liquidation of an unencumbered late-model motor vehicle were not received due to debtor's unauthorized post-petition sale of the same and the Trustee's inability to recover the sale proceeds from debtor resulting from the latter's inability to repay same. In summary, net receipts were less and costs of administration were more than anticipated by the Trustee which ultimately resulted in an administratively insolvent estate.